# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WALLACE C. EVANS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:17-cv-00507 |
| | ) Judge Trauger/Frensley |
| CHASE, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Strike Plaintiff's Amended Complaint or in the Alternative Motion to Dismiss Amended Complaint," filed by Defendant PNC Bank, N.A. ("PNC") on June 6, 2017, which contends that Plaintiff's Amended Complaint should be stricken or dismissed because it fails to state a claim upon which relief may be granted. Docket No. 31. PNC has also filed a Supporting Memorandum of Law. Docket No. 32. Plaintiff, who is proceeding pro se, has not responded.

PNC argues that the Amended Complaint (Docket No. 30) fails under the standard of Fed. R. Civ. P. 12(b)(6) because it "contains no more than unsupported conclusions that PNC somehow violated his Thirteenth and Fourteenth Amendment rights because Prudential Bank and Trust Company promised him a loan but 'no loan was ever made' by PNC." Docket No. 32, p. 2-3. PNC asserts that the Amended Complaint does not comply with Fed. R. Civ. P. 8(a)(2) and is insufficient to establish a claim upon which relief can be granted, even under the liberal construction afforded to pro se pleadings. *Id.* at 3.

# 1. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th

2

Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678. "The Plaintiff's failure to respond to the Defendant's motion to dismiss does not alter the standard of review, nor does it allow for dismissal without undertaking such review." *Powers v. U.S. Bank, N.A.*, No. 3:13-cv-01334, 2014 U.S. Dist. LEXIS 91813 at *2 (M.D. Tenn. July 7, 2014), *citing Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

## 2. Plaintiff's Allegations Against PNC[1]

The entirety of Plaintiff's allegations against PNC are as follows:

> Reference: PNC Bank account number 15038452xxxxxxxx
>
> 1. The cause of action in this matter is breach of contract.
>
> There is a deed of trust
>
> A loan was promised to the Plaintiff by (Prudential Bank and Trust Company) the bank that preceded PNC Bank as lender.
>
> No loan was ever made.
>
> Nothing is due.
>
> See exhibit: (A) (G) (J)

Docket No. 30, p. 5-6 (emphasis in original).

Despite liberally construing these allegations, the undersigned finds that they do not meet the pleading requirements of Fed. R. Civ. P. 8(a)(2), which require that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Wyndham Vacation Resorts, Inc. v. Consultant Group*, No. 2:12-cv-00096, 2014 U.S. Dist. LEXIS 66163 at *6 (M.D. Tenn. May 14, 2014), *citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) (internal quotation marks and citation omitted).

---

[1] Both the original Complaint and the Amended Complaint contain separate sets of claims against two Defendants: JPMorgan Chase Bank, N.A. ("Chase") and PNC. Docket No. 1, Docket No. 30. Both Defendants have filed motions to dismiss or to strike the Amended Complaint, each of which addresses only the claims specific to the Defendant filing the motion. *See* Docket Nos. 31, 33. For that reason, the undersigned has addressed the two motions separately.

Further, Plaintiff does not plead a colorable cause of action. Plaintiff has alleged that Prudential Bank and Trust Company, which is not a party to this action, promised Plaintiff a loan but never provided it, and that "nothing is due." Docket No. 30, p. 6. The exhibits to which Plaintiff refers add neither substance nor clarification. Exhibit A appears to be a Deed of Trust prepared by Prudential Bank and Trust Company and signed by Plaintiff in 1985, advancing Plaintiff a line of credit of $28,000.00. *Id.* at 7-8. Exhibit G is a document titled "Memorandum" that discusses a Minnesota state court case, seemingly unrelated to the instant matter, from 1968. *Id.* at 12. Exhibit J is a document titled "National Association Banks Cannot Lend Credit" that appears to be a collection of quotes from various court decisions, none of which provide support for the claims of the Amended Complaint. *Id.* at 13-14. Although the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," it is unable to find that the Amended Complaint states a claim upon which relief can be granted under the standards of Fed. R. Civ. P. 12(b)(6). *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).

### 3.  Recommendation

For the foregoing reasons, the undersigned recommends that PNC's "Motion to Strike Plaintiff's Amended Complaint or in the Alternative Motion to Dismiss Amended Complaint," (Docket 31) be GRANTED and that the claims against PNC in the Amended Complaint (Docket No. 30) be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                                   _____
                                                                                   JEFFERY S. FRENSLEY
                                                                                   United States Magistrate Judge